IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EVANS,

      Plaintiff,                      No. 2:09-cv-0292-JFM (PC)

  vs.

D.K. SISTO, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 27, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. On April 22, 2009, plaintiff filed an amended complaint and a motion for injunctive relief. On June 22, 2009, plaintiff filed a request for entry of default. On July 29, 2009, plaintiff filed a motion for leave to amend his complaint, accompanied by a proposed second amended complaint. Good cause appearing, plaintiff's July 29, 2009 motion will be granted and the court will screen the second amended complaint appended thereto.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

1

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names nine defendants in his second amended complaint, including D. K. Sisto, Warden of California State Prison-Solano (CSP-Solano) and Case Records Manager Sweigert, also employed at CSP-Solano.  The sole allegations against these two individuals are that they received notice that plaintiff's prison sentence had been vacated and the matter remanded for resentencing.  Second Amended Complaint, filed July 29, 2009, at 6.  Plaintiff further alleges that Case Records Manager Sweigert sent plaintiff notice that he would be detained in the California Department of Corrections and Rehabilitation pending appeal.  Id.

1  These allegations are insufficient to state a cognizable claim for relief against either of these two
2  individuals.
3    The second amended complaint states a cognizable claim for relief against the
4  remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the
5  allegations of the second amended complaint are proven, plaintiff has a reasonable opportunity to
6  prevail on the merits of this action.
7    Plaintiff's request for entry of default is premature, as none of the defendants have
8  been served with process.  Cf. Fed. R. Civ. P. 55.  Moreover, in view of the fact that no
9  defendants have been served, and good cause appearing, plaintiff's motion for injunctive relief
10 will be denied without prejudice to its renewal, as appropriate, following the appearance of one
11 or more defendants in this action.
12   In accordance with the above, IT IS HEREBY ORDERED that:
13   1.  Plaintiff's July 29, 2009 motion for leave to amend is granted.
14   2.  The Clerk of the Court is directed to edit docket entry # 13 to include reference
15 to the second amended complaint included in the motion filed on July 29, 2009.
16   3.  Service is appropriate for the following defendants:  Associate Warden V.
17 Singh; C/O K. Telford; C/O Numering; C/O Terrazas; H. Fleishman; Warden McDonald; and
18 Warden Felker.
19   4.  The Clerk of the Court shall send plaintiff seven USM-285 forms, one
20 summons, an instruction sheet and a copy of the second amended complaint filed July 29, 2009.
21   5.  Within thirty days from the date of this order, plaintiff shall complete the
22 attached Notice of Submission of Documents and submit the following documents to the court:
23    a.  The completed Notice of Submission of Documents;
24    b.  One completed summons;
25    c.  One completed USM-285 form for each defendant listed in number 3
26     above; and

    d. Eight copies of the endorsed second amended complaint filed July 29, 2009.

  6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

  7. Plaintiff's April 22, 2009 motion for injunctive relief is denied without prejudice.

  8. Plaintiff's June 22, 2009 request for entry of default is denied.

DATED: August 11, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
evan0292.1am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS, | |
| Plaintiff, | No. 2:09-cv-0292-JFM (PC) |
| vs. | |
| D.K. SISTO, et al., | NOTICE OF SUBMISSION |
| Defendants. | OF DOCUMENTS |
| _____/ | |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____
                           Second Amended Complaint

DATED:

                                              _____
                                              Plaintiff