IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EVANS,

       Plaintiff,                    No. 2:09-cv-0292-JFM (PC)

   vs.

D.K. SISTO, et al.,

       Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 27, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. On April 22, 2009, plaintiff filed an amended complaint and a motion for injunctive relief. On June 22, 2009, plaintiff filed a request for entry of default. On July 29, 2009, plaintiff filed a motion for leave to amend his complaint, accompanied by a proposed second amended complaint. By order filed August 12, 2009, plaintiff's motion for leave to amend was granted, the court screened the second amended complaint, and directed plaintiff to return forms necessary for service of process on seven defendants named in the second amended complaint. On August 20, 2009, plaintiff filed a motion for leave to file a third amended complaint, accompanied by a proposed third amended complaint.

1    In the latest motion, plaintiff represents that he seeks leave to amend in order to
2 add a party.  Motion for Leave to File an Amended Complaint, filed August 20, 2009, at 1.  The
3 identity of the party that plaintiff seeks to add is not clear from the motion or the proposed third
4 amended complaint; it appears that plaintiff has named all of the same defendants named in the
5 second amended complaint.  However, after review of the proposed third amended complaint, the
6 court finds variations between that pleading and the second amended complaint that justify
7 permitting amendment.  Accordingly, good cause appearing, plaintiff's August 20, 2009 motion
8 to amend will be granted and the court will screen the third amended complaint appended
9 thereto.

10   The court is required to screen complaints brought by prisoners seeking relief
11 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
12 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
13 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
14 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
15 U.S.C. § 1915A(b)(1),(2).

16   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
17 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
18 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
19 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
20 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
21 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
22 Cir. 1989); Franklin, 745 F.2d at 1227.

23   A complaint, or portion thereof, should only be dismissed for failure to state a
24 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
25 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
26 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

1 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
2 complaint under this standard, the court must accept as true the allegations of the complaint in
3 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
4 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
5 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

6       As with the second amended complaint, plaintiff names nine defendants in his
7 second amended complaint, including D. K. Sisto, Warden of California State Prison-Solano
8 (CSP-Solano) and Case Records Manager Sweigert, also employed at CSP-Solano.  Once again,
9 the sole allegations against these two individuals are that they received notice that plaintiff's
10 prison sentence had been vacated and the matter remanded for resentencing.  Third Amended
11 Complaint, filed August 20, 2009, at 6.  Plaintiff further alleges that Case Records Manager
12 Sweigert sent plaintiff notice that he would be detained in the California Department of
13 Corrections and Rehabilitation pending appeal.  Id.  As with the second amended complaint,
14 these allegations are insufficient to state a cognizable claim for relief against either of these two
15 individuals.

16       The third amended complaint states a cognizable claim for relief against the
17 remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the
18 allegations of the third amended complaint are proven, plaintiff has a reasonable opportunity to
19 prevail on the merits of this action.  Accordingly, plaintiff's August 20, 2009 motion to amend
20 will be granted.  Because plaintiff has already returned forms necessary for service of process on
21 the defendants against whom a cognizable claim is stated, the court will direct the Clerk of the
22 Court to make copies of the third amended complaint necessary for service of process and will,
23 by separate order, direct the United States Marshal to serve process on said defendants.

24       On August 24, 2009, plaintiff filed a motion to transfer the documents filed in
25 Case. No. 2:09-cv-0291 FCD CMK (PC) to the instant action.  The latter action was dismissed
26 on the ground that the sole federal remedy for the claim raised therein, that plaintiff is being

1  improperly held in custody, is a petition for writ of habeas corpus.  See Findings and

2  Recommendations filed March 2, 2009, at 2-3; Order filed May 21, 2009.  Plaintiff has not

3  identified specific documents filed in that action that are relevant to any of the claims at bar or

4  necessary to proper resolution of any pending motion.  Moreover, plaintiff has not shown that the

5  original documents filed in that case are unavailable to him for refiling in this action as

6  appropriate.[1]  Plaintiff's motion will be denied.

7        Finally, on August 26, 2009, plaintiff filed a motion for injunctive relief.  The

8  legal principles applicable to a request for injunctive relief are well established.  To prevail, the

9  moving party must show either a likelihood of success on the merits and the possibility of

10  irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in

11  the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir.

12  1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The

13  two formulations represent two points on a sliding scale with the focal point being the degree of

14  irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the

15  test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In

16  the absence of a significant showing of possible irreparable harm, the court need not reach the

17  issue of likelihood of success on the merits.  Id.

18        The principal purpose of preliminary injunctive relief is to preserve the court's

19  power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11

20  Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer

21  irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair

22  chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International,

23  Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International

24

---

25  [1] In that regard, plaintiff is advised that evidence in support of his claims should not be filed unless and until plaintiff's claims have been placed in issue by, inter alia, a motion filed in
26  accordance with the Federal Rules of Civil Procedure or trial of this action.

Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

Plaintiff's motion is predicated on allegations of retaliatory acts committed against him by prison officials.[2]  The only relationship the alleged retaliation has to the claims at bar is that plaintiff contends that the retaliation is part of a pattern of harassment that has continued since plaintiff was transferred to High Desert State Prison, a transfer that he contends in this action was unlawful.  The specific retaliation complained of in the motion, however, is based on events that occurred on May 8, 2009, after this action was filed and almost a year after the last event that is at issue in the underlying action.  The claim raised in the motion for injunctive relief is not at issue in these proceedings, nor does it appear that any of the named defendants were involved in the events described in the motion for injunctive relief.  Accordingly, the motion will be denied.[3]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's August 20, 2009 motion for leave to amend is granted.

2. The Clerk of the Court is directed to edit docket entry # 16 to include reference to the third amended complaint included with the motion filed on August 20, 2009.

3. Service is appropriate for the following defendants:  Associate Warden V. Singh; C/O K. Telford; C/O Numering; C/O Terrazas; H. Fleishman; Warden McDonald; and Warden Felker.

---

[2] Plaintiff has presented no evidence in support of his motion.

[3] Plaintiff, the only party who has appeared in the action thus far, has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

      4. The Clerk of the Court is directed to make eight copies of the third amended complaint.

      5. Plaintiff need not attempt service on defendants and need not request waiver of service.  Concurrently with this order the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

      7. Plaintiff's August 24, 2009 motion to transfer documents is denied.

      8. Plaintiff's August 26, 2009 motion for injunctive relief is denied.

DATED: September 8, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
evan0292.3am