IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EVANS,

    Plaintiff,                      No. 2:09-cv-0292-JFM (PC)

    vs.

FELKER, et al.,                      <u>ORDER AND</u>

    Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

                        /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motion to dismiss several claims raised in plaintiff's third amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and on plaintiff's motion for temporary restraining order and/or preliminary injunctive relief.

I. <u>Defendants' Motion to Dismiss</u>

        This action is proceeding on claims against defendants Singh, Telford, Numering, Terrazas, Fleishman, McDonald and Felker raised in plaintiff's third amended complaint, filed August 20, 2009. Defendants have moved to dismiss plaintiff's claims that his transfer to High Desert State Prison (High Desert) and his placement in administrative segregation violated his constitutional rights. In addition, defendants McDonald and Felker seek dismissal on the ground that plaintiff has not alleged any causal connection between them and the events complained of.

1

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

Plaintiff's third amended complaint contains the following allegations.  In November 2005, plaintiff was sentenced to a term of seven years and eight months in state prison following his conviction on charges of assault with a deadly weapon with great bodily injury and violation of probation.  On January 18, 2006, plaintiff was received at California State Prison-Solano (CSP-Solano).  In July 2006, plaintiff was placed in administrative segregation for possession of a knife.  On May 30, 2007, plaintiff's sentence was vacated by the California Court of Appeal for the Sixth Appellate District pursuant to a decision of the United States Supreme Court and the matter was remanded for resentencing.  On June 7, 2007, plaintiff was taken before the institutional classification committee.  Defendants Singh and Telford were members of that committee.  Defendant Telford recommended that plaintiff be transferred to High Desert. Plaintiff requested transfer to the Santa Clara County Jail pending resentencing.  Plaintiff's request was denied.

On October 3, 2007, defendant Numering directed defendant Terrazas to extract plaintiff from his cell with the use of force.  Gas was used, followed by a brutal beating of

plaintiff by seven prison guards. Plaintiff was on suicide watch for ten days and then returned to administrative segregation. Defendant Fleishman told plaintiff that he had been extracted from his cell and beaten because he refused to accept the transfer to High Desert. On November 8, 2007, plaintiff was lured from his cell by false statements that he was being transferred to the Santa Clark County Jail. Once plaintiff was in handcuffs, defendant Numering directed defendant Terrazas to put a mask over plaintiff's face. Thereafter, plaintiff was transported to High Desert. Plaintiff believes that defendants Felker and McDonald, the current and former Wardens of High Desert respectively, colluded with officials at CSP-Solano in plaintiff's transfer. On July 3, 2008, plaintiff was against placed in administrative segregation. Plaintiff believes the underlying incident was designed to punish plaintiff in retaliation for his attempts to vindicate his rights to due process and to access the courts.

Plaintiff claims that the transfer to High Desert violated his rights under the Eighth Amendment and to due process, that the use of excessive force violated his rights under the Eighth Amendment, and that the conspiracy to place plaintiff in administrative segregation violated California Penal Code § 1242 and plaintiff's rights under the Eighth Amendment.

Defendants seek dismissal of plaintiff's claims arising from his transfer to High Desert and his placement in administrative segregation on the grounds that plaintiff has no protected liberty interest in freedom from transfer to another prison and that placement in administrative segregation does not constitute cruel and unusual punishment.

Defendants are correct that plaintiff has no constitutional right to be housed at a specific prison. See Meachum v. Fano, 427 U.S. 215 (1976). The gravamen of plaintiff's claim, however, is that during the period following issuance of the order of the California Court of Appeal for the Sixth Appellate District vacating his sentence and remanding the matter for resentencing, the California Department of Corrections and Rehabilitation did not have jurisdiction over him and for that reason lacked authority to transfer him to another state prison. Plaintiff's claim rests on an erroneous premise; the state court of appeal vacated only his

sentence, not his underlying conviction, and remanded the matter for resentencing.  See People v. Evans, No. H029616 (May 30, 2007), slip op. at 14-17.[1]  Consequently, plaintiff remained in the lawful custody of the Director of the California Department of Corrections, see People v. Buckhalter, 26 Cal. 4th 20, 23 (2001), and defendants retained jurisdiction and authority to transfer plaintiff to another prison facility.  For this reason, plaintiff's claim that his constitutional rights were violated by his transfer to High Desert should be dismissed.

Defendants seek dismissal of plaintiff's claim that his rights under the Eighth Amendment were violated by the alleged retaliatory conspiracy that led to his placement in administrative segregation.  Defendants contend that the allegations of the complaint show that plaintiff was placed in administrative segregation for his own safety and that such allegations cannot support a cognizable Eighth Amendment claim because there can be no showing of deliberate indifference under such circumstances.  Defendants also contend that plaintiff has failed to allege any prejudice as a result of the placement in administrative segregation.

The allegations of paragraph 25 of the third amended complaint, cited by defendants in their motion to dismiss, are as follows:

> On the 31st day of the month of July, year 2008 an incident occurred in which plaintiff was placed into Ad-Seg as a result. Plaintiff believes this was designed to happen by the defendants to punish plaintiff in retaliation for plaintiff attempting to pursue his right to due process and equal access to the courts.

There are no allegations in the third amended complaint which suggest that the challenged placement in administrative segregation was for plaintiff's safety.  Defendants have not demonstrated that this retaliation claim must be dismissed.

Finally, defendants contend that the allegations against defendants Felker and McDonald are insufficient to suggest their personal involvement in the events complained of. The sole allegations against these two defendants are as follows:

---

[1] A copy of this decision is attached as an exhibit to plaintiff's opposition to defendants' motion to dismiss, filed January 28, 2010.

4

> Upon information and belief plaintiff was placed at HDSP with the defendants having prior knowledge that plaintiff would have problems and end up in Ad-Seg for a lengthy period of time where his access to the courts would be hindered. Furthermore plaintiff believes that the receiving administration at HDSP defendants Warden Felker and then Warden McDonald respectively, knew of plaintiff's situation and acted in collusion with the defendants at CSP-Solano.

Third Amended Complaint, at 8. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Upon review, the court finds that the allegations against defendants Felker and McDonald are too vague and conclusory to state a cognizable claim for relief against either of

these defendants. For that reason, defendants' motion to dismiss should be granted as to defendants Felker and McDonald.

II. Plaintiff's Motion for Temporary Restraining Order

On January 28, 2010, plaintiff filed a motion for temporary restraining order and/or preliminary injunction. Plaintiff seeks injunctive relief from his placement in administrative segregation, which he alleges has been continuous since July 31, 2008, on the ground that defendants lacked jurisdiction over him at the time he was placed in administrative segregation.

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979)). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

For the reasons set forth in section I, supra, plaintiff's claim that defendants did not have jurisdiction over him from the time his sentence was vacated until he was resentenced is without merit. Accordingly, he cannot prevail on the merits of the claim underlying his motion for temporary restraining order and the motion should be denied.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign this action to a United States District Judge; and

IT IS HEREBY RECOMMENDED that:

/////

/////

1. Defendants' December 3, 2009 motion to dismiss be granted as to plaintiff's claim that his constitutional rights were violated by his transfer to High Desert State Prison and as to his claim against defendants Felker and McDonald and denied in all other respects;

2. Defendants be directed to answer the remaining claims in plaintiff's third amended complaint within ten days from the date of any order by the district court adopting these findings and recommendations; and

3. Plaintiff's January 28, 2010 motion for temporary restraining order and/or preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2010.

UNITED STATES MAGISTRATE JUDGE

12
evan0292.mtd