UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES EVANS, JR.,

    Plaintiff,  NO. CIV. 2:09-292 WBS JFM

  v.

                                            ORDER

D.K. SISTO, et al.,

    Defendants.
_____/

----oo0oo----

        On July 6, 2012, the Ninth Circuit issued a decision addressing the timing of notices to pro se prisoners pursuant to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). Woods v. Carey, --- F.3d ----, 2012 WL 2626912 (9th Cir. 2012). The Ninth Circuit held that Rand and Wyatt notices, which instruct a pro se prisoner about how to properly respond to a motion to dismiss or motion for summary judgment, "must be provided to pro se prisoner plaintiffs at the time the defendants' motions are filed." Woods v. Carey, 2012 WL 2626912, at *1. In Woods v. Carey, the Ninth

1

1 Circuit rejected this district's practice of providing Rand and
2 Wyatt notices at the time the court issues the order directing
3 service on defendants.  The court held that "[t]he failure to
4 provide adequate Rand notice is a ground for reversal unless it
5 is clear from the record that there are no facts that would
6 permit the inmate to prevail."  Id. at *6.

7     While plaintiff has been appointed pro bono counsel for
8 his upcoming trial, he represented himself at the time defendants
9 filed a motion to dismiss, (Docket No. 32), and a motion for
10 summary judgment, (Docket No. 82).  This court provided the Rand
11 and Wyatt notices at the time it ordered service on defendants,
12 (Docket No. 25), but did not provide the requisite notice at the
13 time defendants filed their motions,[1] and the court ruled in
14 favor of defendants on some of plaintiff's claims, (Docket Nos.
15 51, 57, 99, 104.)

16     To comply with Woods v. Carey, the court wishes to give
17 plaintiff the opportunity to reopen either or both motions and
18 present evidence, declarations, or affidavits that were not
19 presented in opposition to the motions.  If plaintiff so
20 requests, the court will set aside its orders and the magistrate
21 judge's findings and recommendations on the motion to dismiss
22 and/or motion for summary judgment and allow plaintiff whatever
23 time is required to file new oppositions.

---

[1] In defendants' motion for summary judgment, defendants directed plaintiff to the court's previously issued Rand and Wyatt notices. (See Docket No. 82 at 2:5-6.)  Given the Ninth Circuit's concern that prisoners will often be unable to access or will have misplaced Rand and Wyatt notices given well-before motions are filed, see Woods, 2012 WL 2626912, at *5, it is unlikely that defendants' reference to the court's premature notices would comply with Woods v. Carey.

1         The following two paragraphs are inserted herein to
2    help plaintiff decide whether he wants to reopen the motions and,
3    in the event he reopens the motions, to provide plaintiff with
4    timely notice under <u>Rand</u> and <u>Wyatt</u>:
5         Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14
6    (9th Cir. 2003), plaintiff is advised of the following
7    requirements for opposing a motion to dismiss for failure to
8    exhaust administrative remedies made by defendant pursuant to
9    non-enumerated Rule 12(b) of the Federal Rules of Civil
10   Procedure.  Such a motion is a request for dismissal of
11   unexhausted claims without prejudice.  The defendant may submit
12   affidavits or declarations under penalty of perjury and
13   admissible documentation to support the motion to dismiss.  To
14   oppose the motion, plaintiff may likewise file declarations under
15   penalty of perjury and admissible documentation.  Plaintiff may
16   rely upon statements made under the penalty of perjury in the
17   complaint if the complaint shows that plaintiff has personal
18   knowledge of the matters stated and plaintiff calls to the
19   court's attention those parts of the complaint upon which
20   plaintiff relies.  Plaintiff may serve and file one or more
21   affidavits or declarations by other persons who have personal
22   knowledge of relevant matters.  Plaintiff may also rely upon
23   written records, but plaintiff must prove that the records are
24   what plaintiff claims they are.  If plaintiff fails to contradict
25   defendant's evidence with admissible evidence, the court may rely
26   on the defendant's evidence.  In the event both sides submit
27   matters outside the pleadings, the court may look beyond the
28   pleadings and decide disputed issues of fact.  If plaintiff does

not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any

4

part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted on any of plaintiff's claims, judgment will be entered for the defendants without a trial on those claims.

IT IS THEREFORE ORDERED that plaintiff shall be prepared to inform the court on the first day of trial (August 7, 2012) whether he wants to proceed with trial and waives the defect in the timing of the Rand and Wyatt notices or wants to continue the trial to reopen the motions or have additional time to decide whether to reopen the motions. If plaintiff elects to waive the defects in the timing of the notices and proceed to trial, the jury will be brought in on the second day of trial.

DATED: July 30, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE