UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES EVANS, JR.,

      Plaintiff,                NO. CIV. 2:09-292 WBS JFM

    v.

                        ORDER
D.K. SISTO, et al.,

      Defendants.
_____/

----oo0oo----

      On July 6, 2012, the Ninth Circuit issued a decision
addressing the timing of notices to <u>pro se</u> prisoners pursuant to
<u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998) (en banc) and <u>Wyatt</u>
<u>v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003).  <u>Woods v. Carey</u>, ---
F.3d ----, 2012 WL 2626912 (9th Cir. 2012).  The Ninth Circuit
held that <u>Rand</u> and <u>Wyatt</u> notices, which instruct a <u>pro se</u>
prisoner about how to properly respond to a motion to dismiss or
motion for summary judgment, "must be provided to pro se prisoner
plaintiffs at the time the defendants' motions are filed." <u>Woods</u>
<u>v. Carey</u>, 2012 WL 2626912, at *1.  In <u>Woods v. Carey</u>, the Ninth

1

1  Circuit rejected this district's practice of providing <u>Rand</u> and

2  <u>Wyatt</u> notices at the time the court issues the order directing

3  service on defendants.  The court held that "[t]he failure to

4  provide adequate <u>Rand</u> notice is a ground for reversal unless it

5  is clear from the record that there are no facts that would

6  permit the inmate to prevail."  <u>Id.</u> at *6.

7         While plaintiff has been appointed <u>pro bono</u> counsel for

8  his upcoming trial, he represented himself at the time defendants

9  filed a motion to dismiss, (Docket No. 32), and a motion for

10  summary judgment, (Docket No. 82).  This court provided the <u>Rand</u>

11  and <u>Wyatt</u> notices at the time it ordered service on defendants,

12  (Docket No. 25), but did not provide the requisite notice at the

13  time defendants filed their motions,[1] and the court ruled in

14  favor of defendants on some of plaintiff's claims, (Docket Nos.

15  51, 57, 99, 104.)

16         To comply with <u>Woods v. Carey</u>, the court wishes to give

17  plaintiff the opportunity to reopen either or both motions and

18  present evidence, declarations, or affidavits that were not

19  presented in opposition to the motions.  If plaintiff so

20  requests, the court will set aside its orders and the magistrate

21  judge's findings and recommendations on the motion to dismiss

22  and/or motion for summary judgment and allow plaintiff whatever

23  time is required to file new oppositions.

24  _____

25  [1]     In defendants' motion for summary judgment, defendants
directed plaintiff to the court's previously issued <u>Rand</u> and
26  <u>Wyatt</u> notices.  (<u>See</u> Docket No. 82 at 2:5-6.)  Given the Ninth
Circuit's concern that prisoners will often be unable to access
27  or will have misplaced <u>Rand</u> and <u>Wyatt</u> notices given well-before
motions are filed, <u>see</u> <u>Woods</u>, 2012 WL 2626912, at *5, it is
28  unlikely that defendants' reference to the court's premature
notices would comply with <u>Woods v. Carey</u>.

1    The following two paragraphs are inserted herein to
2  help plaintiff decide whether he wants to reopen the motions and,
3  in the event he reopens the motions, to provide plaintiff with
4  timely notice under Rand and Wyatt:
5    Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14
6  (9th Cir. 2003), plaintiff is advised of the following
7  requirements for opposing a motion to dismiss for failure to
8  exhaust administrative remedies made by defendant pursuant to
9  non-enumerated Rule 12(b) of the Federal Rules of Civil
10  Procedure.  Such a motion is a request for dismissal of
11  unexhausted claims without prejudice.  The defendant may submit
12  affidavits or declarations under penalty of perjury and
13  admissible documentation to support the motion to dismiss.  To
14  oppose the motion, plaintiff may likewise file declarations under
15  penalty of perjury and admissible documentation.  Plaintiff may
16  rely upon statements made under the penalty of perjury in the
17  complaint if the complaint shows that plaintiff has personal
18  knowledge of the matters stated and plaintiff calls to the
19  court's attention those parts of the complaint upon which
20  plaintiff relies.  Plaintiff may serve and file one or more
21  affidavits or declarations by other persons who have personal
22  knowledge of relevant matters.  Plaintiff may also rely upon
23  written records, but plaintiff must prove that the records are
24  what plaintiff claims they are.  If plaintiff fails to contradict
25  defendant's evidence with admissible evidence, the court may rely
26  on the defendant's evidence.  In the event both sides submit
27  matters outside the pleadings, the court may look beyond the
28  pleadings and decide disputed issues of fact.  If plaintiff does

3

1    not serve and file a written opposition to the motion, the

2    court may consider the failure to act as a waiver of opposition

3    to the defendant's motion.   If the defendant's motion to dismiss,

4    whether opposed or unopposed, is granted, plaintiff's unexhausted

5    claims will be dismissed without prejudice.

6         Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th

7    Cir. 1998) (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999), and

8    <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), plaintiff

9    is advised of the following requirements for opposing a motion

10   for summary judgment made by defendants pursuant to Rule 56 of

11   the Federal Rules of Civil Procedure.   Such a motion is a request

12   for an order for judgment in favor of defendants without trial.

13   A defendant's motion for summary judgment will set forth the

14   facts that the defendants contend are not reasonably subject to

15   dispute and that entitle the defendants to judgment.   To oppose a

16   motion for summary judgment, plaintiff must show proof of his or

17   her claims.   Plaintiff may do this in one or more of the

18   following ways.   Plaintiff may rely upon statements made under

19   the penalty of perjury in the complaint if the complaint shows

20   that plaintiff has personal knowledge of the matters stated and

21   plaintiff calls to the court's attention those parts of the

22   complaint upon which plaintiff relies.   Plaintiff may serve and

23   file one or more affidavits or declarations setting forth the

24   facts that plaintiff believes prove plaintiff's claims; the

25   person who signs an affidavit or declaration must have personal

26   knowledge of the facts stated. Plaintiff may rely upon written

27   records, but plaintiff must prove that the records are what

28   plaintiff claims they are.   Plaintiff may rely upon all or any

1  part of the transcript of one or more depositions, answers to
2  interrogatories, or admissions obtained in this proceeding.  If
3  plaintiff fails to contradict the defendants' evidence with
4  counteraffidavits or other admissible evidence, the defendants'
5  evidence may be taken as the truth and the defendants' motion for
6  summary judgment granted.  If there is some good reason why such
7  facts are not available to plaintiff when required to oppose a
8  motion for summary judgment, the court will consider a request to
9  postpone considering the defendants' motion.  If plaintiff does
10 not serve and file a written opposition to the motion or a
11 request to postpone consideration of the motion, the court may
12 consider the failure to act as a waiver of opposition to
13 the defendants' motion.  If the defendants' motion for summary
14 judgment, whether opposed or unopposed, is granted on any of
15 plaintiff's claims, judgment will be entered for the defendants
16 without a trial on those claims.

17         IT IS THEREFORE ORDERED that plaintiff shall be
18 prepared to inform the court on the first day of trial (August 7,
19 2012) whether he wants to proceed with trial and waives the
20 defect in the timing of the Rand and Wyatt notices or wants to
21 continue the trial to reopen the motions or have additional time
22 to decide whether to reopen the motions. If plaintiff elects to
23 waive the defects in the timing of the notices and proceed to
24 trial, the jury will be brought in on the second day of trial.
25 DATED:  July 30, 2012

26

27  _____
    WILLIAM B. SHUBB
28  UNITED STATES DISTRICT JUDGE

                              5