UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS JR, | No. 2:09-cv-00292-TLN-AC |
| Plaintiff, | |
| v. | **ORDER** |
| TERRAZAS, ET AL., | |
| Defendant. | |

    This case is currently set for trial on March 24, 2014. When this case was originally set, Plaintiff James Evans Jr. ("Plaintiff") was not in custody. On March 3, 2014, the Court issued an Order and Writ of Habeas Corpus Ad Testification to transport Plaintiff for his trial in the instant case; the Plaintiff was to be delivered to this Court on Monday, March 24, 2014. (*See* ECF No. 168.) At this time, Plaintiff is currently in the custody of the Santa Clara County Sheriff as a result of pending criminal charges unrelated to the instant matter. In fact, on Monday, March 24, 2014, the date set for trial in the instant matter, the Plaintiff has a court appearance in Santa Clara County Superior Court in relation to his criminal case. This Court is cognizant that criminal matters may take precedence over civil matters or proceedings due to stringent constitutional and statutory time limitations related to criminal matters. For example, Plaintiff has several upcoming dates in his state court criminal case, including a trial date of April 28, 2014. This Court has set aside a specific number of days in which to try the instant case, and Plaintiff's unavailability for

1

the first day of trial has thrown off the Court's scheduling. Thus, in an effort to accommodate the furtherance of Plaintiff's criminal proceedings, the Court hereby VACATES the current trial date. Accordingly, the Order and Writ of Habeas Corpus Ad Testification to transport Plaintiff for his trial, issued on March 3, 2014 (See ECF No. 168.), is also hereby VACATED.

Counsel for the parties are ordered to attend a status conference hearing on Friday, March 21, 2014, at 12:00 p.m., at which time the Court will reset the date for trial. At the status conference, Plaintiff's counsel should be prepared to show cause as to why he should not be sanctioned for failing to visit his client after requesting and receiving funds from the government to facilitate such visit.[1]

Finally, three weeks prior to the rescheduled trial date, if Plaintiff is still in custody, the Court will issue the appropriate Order and Writ of Habeas Corpus Ad Testification to transport Plaintiff for his trial. Pursuant to 28 U.S.C. §§ 2242 and 2243, if Plaintiff is still detained, the writ must be directed to the detainee's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973); *Wales v. Whitney*, 114 U.S. 564, 574 (1885). Thus, it is the custodian's responsibility to produce the detainee at the hearing. 28 U.S.C. § 2243. Moreover, "the court's authority to issue the writ necessarily encompasses the authority to allocate costs incurred in complying with the writ." *Jackson v. Vasquez*, 1 F.3d 885, 889 (9th Cir. 1993); *see also Wiggins v. Alameda Cnty.*, 717 F.2d 466, 468 (9th Cir. 1983) (holding that "there is no statutory authority requiring the United States to transport and guard a prisoner called as a witness by a validly issued federal writ or authorizing reimbursement to the state for the costs of compliance with such a writ, [thus] there is no basis

---

[1] *See* Order Granting Request for Authority to Incur Costs And Request for Payment, ECF No. 170 ("My co-counsel Walter Dauterman, and I need to travel to San Jose to meet with our client, James Evans, before his trial begins on March 24, 2014. Mr. Evans is currently incarcerated in the Santa Clara County Jail. Unfortunately, my office has been informed that there is no way to guarantee that Mr. Evans will be transported to Sacramento far enough in advance of his court date to enable us to prepare Mr. Evans for his trial. Given the distance and traffic congestion involved, we would like to travel by car to San Jose, stay overnight at a local hotel, meet with Mr. Evans at the Santa Clara County Jail to prepare our case for trial, and then return that day to Sacramento. We anticipate that we will meet with Mr. Evans approximately two weeks before trial to conduct our trial preparation work.")

1 | upon which the state can seek compensation for its expenses.")  As such, Plaintiff's custodian will
2 | be responsible for the cost of Plaintiff's transportation and failure to adhere to the Court's order
3 | may result in sanctions.
4 |      The Clerk's office is directed to serve this order on the Santa Clara County Main Jail
5 | North, located at 150 West Hedding Street, San Jose, CA, 95110, as well as Santa Clara Deputy
6 | County Counsel, Cheryl Stevens, at 70 West Hedding Street, 9th Floor, East Wing San Jose, CA
7 | 95110-1770.
8 |      IT IS SO ORDERED.
9 | Dated: March 20, 2014

Troy L. Nunley
United States District Judge