UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. NUEHRING, et al.,<br><br>    Defendants. | No. 2:09-cv-00292 TLN AC<br><br>ORDER |

Plaintiff is a state prisoner proceeding with counsel in a civil rights action pursuant to 42 U.S.C. § 1983. This matter is currently set for trial before the Honorable Troy L. Nunley on May 9, 2016. Presently before the court is plaintiff's motion to appoint new counsel. ECF No. 198.

On April 12, 2012, the court found that appointment of counsel was warranted in this case and appointed Stephen M. Duvernay, Ashley H. Joyce, and Alex M. Medina to represent plaintiff. ECF No. 125. The appointment was contingent on defendant executing an engagement letter and returning it to appointed counsel. Id. On April 20, 2012, counsel for plaintiff filed a motion for relief from the conditional appointment citing plaintiff's failure to return the executed engagement letter and complications related to plaintiff's recent parole from prison. ECF No. 127. The court granted the motion on May 3, 2012. ECF No. 130.

On May 8, 2012, the court appointed Aldon Bolanos as pro bono counsel for plaintiff. ECF No. 131. During the course of the appointment, plaintiff was held in the Santa Clara County

1

Jail to face new criminal charges. ECF No. 152. On November 5, 2012, appointed counsel Aldon Bolanos filed a motion to withdraw, explaining that he accepted appointment to the case with the understanding and anticipation that trial was scheduled for June 19, 2012, and the appointment would conclude once trial was completed. ECF No. 155. Due to plaintiff's criminal charges in Santa Clara County, it was uncertain when trial might commence. Id. The motion to withdraw was conditionally granted on December 3, 2012, ECF No. 157, and confirmed by the undersigned on March 28, 2013, ECF No. 161.

On June 26, 2013, the case was again set for trial to occur on March 24, 2014. ECF No. 165. Aldon Bolanos and Walter Dauterman agreed to be reappointed as pro bono counsel to represent plaintiff at trial. Id. The trial has since been reset two additional times and is currently set to begin on May 9, 2016. ECF Nos. 195 & 196.

On November 2, 2015, counsel for plaintiff filed a notice of suspension from the practice of law, ECF No. 197, which the court construes as a motion to withdraw as counsel. The court has also become aware that co-counsel, Walter Dauterman, recently passed away.

On February 3, 2016, plaintiff, in pro se, filed the instant motion for the appointment of new counsel. ECF No. 198.

Good cause appearing, counsel's motion to withdraw is granted. The court continues to find that appointment of counsel is warranted in this case. Accordingly, plaintiff's motion for appointment of new counsel is granted. This matter will be referred back to the ADR & Pro Bono Program Coordinator to find voluntary standby counsel willing to accept appointment for plaintiff in this case. To allow new counsel for plaintiff sufficient time to review the case and prepare to present the case at trial, the current trial date will be vacated and reset for July 17, 2017.

Accordingly, IT IS HEREBY ORDERED:

1. Counsel's notice of suspension from the practice of law (ECF No. 197), construed as a motion to withdraw as counsel, is granted;

2. Plaintiff's motion for appointment of new counsel (ECF No. 198) is granted;

3. This case is referred back to the ADR & Pro Bono Program Coordinator to find voluntary standby counsel who is willing to accept appointment to this case for the purpose of

presenting the case to a jury at trial; and

    4. The currently set trial date of May 9, 2016 is vacated. Trial is reset for July 17, 2017 at 9:00 AM in Courtroom 2 before the Honorable Troy L. Nunley.

    5. Due to the extraordinarily high case load of the district court judges in this district, trials in civil rights actions concerning prison conditions are often conducted by United States Magistrate Judges with the consent of all the parties. A trial conducted by a magistrate judge is far more likely to proceed on a scheduled trial date. Presently, when a civil trial is set before a district judge, any criminal trial which conflicts with the civil trial will take priority, even if the civil trial date was set first. Thus, a civil trial set before a district judge is often trailed day to day or week to week until the completion of the matter occupying the district court. Consenting to the jurisdiction of a magistrate judge for all purposes will generally expedite the resolution of an action.

    The parties are therefore reminded of the availability of a United States Magistrate Judge to conduct all proceedings in this action. A United States Magistrate Judge is available to conduct trials, including entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305. Any appeal from a judgment entered by a United States Magistrate Judge is taken directly to the United States Court of Appeal for the Ninth Circuit. Consistent with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District, if the matter proceeds to trial under this process, the Court will handle the trial just as any other civil case which comes before the Court.

    Withholding consent or declining jurisdiction of a United States Magistrate Judge for all purposes will have no effect on the merits of a party's case or have any adverse substantive consequences. A party may also consent to magistrate judge jurisdiction at any time, even if the party has previously declined such jurisdiction.

DATED: February 22, 2016

*Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE