UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES EVANS,

        Plaintiff,

   v.

J. NUEHRING, et al.,

        Defendants.

No. 2:09-cv-00292 TLN AC

<u>ORDER</u>

Plaintiff is a state prisoner proceeding in a civil rights action pursuant to 42 U.S.C. § 1983. This matter is currently set for trial before the Honorable Allison Claire on July 17, 2017.[1] On March 24, 2016, plaintiff, in pro se,[2] filed the instant motion to amend the complaint. ECF No. 201. Defendants oppose the motion. ECF No. 204. Plaintiff has also filed a Notice of Judicial Misconduct. ECF No. 205.

////

---

[1] The Court initially set trial for June 19, 2012 (ECF No. 121) and has reset it several times (<u>see</u> ECF Nos. 135, 153, 165, 177, 180, 196, 199).

[2] On April 12, 2012, the court found that appointment of counsel was warranted in this case. ECF No. 125. The court has appointed several different pro bono counsel to represent plaintiff. ECF Nos. 125, 131, 165. On February 23, 2016, the court granted latest counsel's motion to withdraw based on his suspension from the practice of law. ECF No. 199. The court found that appointment of counsel was still warranted in the case, and therefore granted plaintiff's motion for appointment of new counsel. <u>Id.</u> This matter has been referred back to the ADR & Pro Bono Program Coordinator, who is the process of finding voluntary standby counsel willing to accept appointment for plaintiff in this case. <u>Id.</u> at 2-3.

1

I.  Motion for Leave to File Proposed Amended Complaint

   A.  Legal Standard

The parties appear to dispute the legal standard under which the Court should consider plaintiff's motion to amend the complaint. Defendant argues that Federal Rule of Civil Procedure 16(b)(4) provides the proper standard, and plaintiff argues that Rule 15(a)(2) is the proper standard. Under Rule 16(b)(4), a party may modify a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Rule 15(a)(2), a party may amend its pleading with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). These differing standards pertain to two different types of motions. Here, plaintiff is not attempting directly to modify the case management scheduling order. Moreover, while the deadline for pretrial motions has passed, motions to amend are not exclusively pretrial motions and the court did not set a deadline for amending the complaint. See Fed. R. Civ. P. 15(b) (addressing amendment during and after trial). Accordingly, Rule 15(a)(2) applies.

Pursuant to Rule 15, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 180, 185-87 (9th Cir. 1987).

This action is proceeding to trial against defendants Terrazas and Nuehring on three claims raised in plaintiff's third amended complaint, filed August 20, 2009.[3] See ECF Nos. 16, 24, 99, 104. Specifically, plaintiff claims that his rights under the Eighth Amendment were violated by use of excessive force on plaintiff at California State Prison-Solano (CSP-Solano) during a cell extraction performed in connection with plaintiff's transfer to High Desert State Prison (High Desert), and a conspiracy to place plaintiff in administrative segregation at High Desert. ECF No. 16 at 7-9. Plaintiff also claims that the alleged conspiracy violated California Penal Code § 1242. Id. at 9. In addition, plaintiff claims that he was "placed at [High Desert] with the defendants having prior knowledge that plaintiff would have problems and end up in Ad-Seg for a lengthy period of time where his access to the courts would be hindered." Id. at 8.

---

[3] All other claims and defendants have been dismissed. See ECF Nos. 51, 57, 99, 104.

Many years later, plaintiff seeks to add new claims against seven new defendants—the California Attorney General's office; the California Department of Corrections and Rehabilitation (CDCR); the Sixth District Appellate Program; the Court of Appeals, Sixth Appellate District California; the California Supreme Court; the County of Santa Clara; and the County of Santa Clara, Parole Department.  See ECF No. 201 at 2.  Plaintiff alleges that the proposed defendants engaged in fraud, conspiracy, and obstruction of justice, and that they deprived him of "life and liberty, without due process of law, and/or equal protection of the law, and punish[ed] [him], for exercising a protected statutory or constitutional right."  Id.

Plaintiff has not filed a proposed fourth amended complaint with his current motion, as required by Local Rule 137(c).  As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute.  See 28 U.S.C. § 1915A.  Since plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it.  Furthermore, as set forth below, review of the motion shows that plaintiff's proposed amendment should be denied.

  B.  Denial of the Proposed Amendment Under Federal Rules of Procedure 18 and 20

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  An existing suit may not be fundamentally altered by the addition of new, unrelated claims or defendants.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to a lawsuit only if all of the claims are against the same defendant.  Fed. R. Civ. P. 18(a).  Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit only if the right to relief arises out of the same "transaction, occurrence, or series of transactions," and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated claims that involve different defendants must be brought in separate lawsuits.  See George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's motion demonstrates that he is not making any new claims against the only currently named defendants.  Although not entirely clear, plaintiff's new claims against the proposed new defendants seem to be premised on the following: the United States Supreme Court invalidated California's sentencing procedure for failing to comply with the requirements of the

Sixth Amendment. At the time of this mandate, plaintiff was on direct appeal with the exact same legal claim. In light of the United States Supreme Court mandate, the Court of Appeals, Sixth Appellate District Court, vacated and remanded plaintiff's sentence back to the trial court for resentencing. See ECF No. 201 at 2-3. Plaintiff alleges a conspiracy between the California Attorney General's office and the CDCR whereby the California Attorney General's office obstructed justice by ignoring United States Supreme Court precedent and informing CDCR officials that "they could continue to detain plaintiff" after his sentence had "lawfully been vacated [and] remanded." Id. at 3. Plaintiff also seeks to bring claims against his appellate attorneys at the Sixth District Appellate Program for ineffective assistance of counsel, and the Parole Department of the County of Santa Clara for "illegal arrests, violations, and unlawful conditions of confinement" while he was on parole. Id. at 4. In addition to alleging that the California State Supreme Court and the California Court of Appeal for the Sixth Appellate District conspired "to undermine the constitutionality of a U.S. Supreme Court mandate of lawful standing," plaintiff also appears to challenge prior rulings by the state appellate courts, including that the California State Supreme Court ignored United States Supreme Court precedent. Id. at 3-5. All these allegations are unrelated to the incidents described in the third amended complaint: plaintiff's transfer from CSP-Solano to High Desert. Thus, plaintiff's proposed amendment is disallowed by Rules 18 and 20 of the Federal Rules of Procedure.

        C.        <u>Futility of Proposed Amendment</u>

Review of the motion also shows that plaintiff's proposed amendment is futile. "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" Missouri ex rel. Koster v. Harris, __ F.3d __, 2016 WL 6803046, at *7, 2016 U.S. App. LEXIS 20613, at *20-21 (9th Cir. Nov. 17, 2016) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)).

First, plaintiff's motion does not name any state or public official as a defendant, nor has he alleged how any such individual official was involved in the deprivation of plaintiff's constitutional rights. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. See Rizzo

v. Goode, 423 U.S. 362 (1976) (there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980) (same).  Naming state or local municipal agencies or local governments as a whole does not suffice to plead a § 1983 claim because liability is dependent upon the actions of the individual employees.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); see also Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994) (holding local government cannot be liable for damages based on actions of one of its employees unless employee inflicted constitutional harm).

Second, other than in very limited circumstances which are not applicable here, a state or state agency and state court judges are entitled to immunity from lawsuits.  See Tennessee v. Lane, 541 U.S. 509, 517 (2004); Pierson v. Ray, 386 U.S. 547, 543-44, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. 1983 and holding that a state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity).  The court notes that in plaintiff's other previous civil rights actions, courts have dismissed his complaints against justices of the California Supreme Court and California Court of Appeals based on judicial immunity.  See Evans v. Cal. Court of Appeal Judge Rushing, No. C 11-0154 SBA (PR), 2011 U.S. Dist. LEXIS 129807, at *6 (N.D. Cal. Nov. 7, 2011) (Order); Evans v. Cal. Supreme Court Chief Justice George, No. C 10-4778 SBA (PR), 2011 U.S. Dist. LEXIS 47061, at *4-5 (N.D. Cal. Apr. 20, 2011) (Order).

Third, to the extent plaintiff seeks to bring claims against his appellate attorneys at the Sixth District Appellate Program, those claims are futile.  One cannot sue his lawyer for alleged ineffective assistance or malpractice in a § 1983 action.  An attorney performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings does not act under color of state law, as a person must to be liable under § 1983.  See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981).  Notably, in another previous civil rights action, the court

1  dismissed plaintiff's complaint against the Court of Appeals, Sixth Appellate District for the same
2  reason.  See Evans v. Sixth District Appellate Program, No. C 11-4339 SBA PR, 2012 WL
3  1895986, at *3, 2012 U.S. Dist. LEXIS 72007, at *4-5 (N.D. Cal. May 23, 2012) (Order).
4        Fourth, to the extent plaintiff seeks to challenge state appellate court decisions,
5  jurisdiction to review final state court judgments rests with the United States Supreme Court
6  under the Rooker-Feldman doctrine.  Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923);
7  Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).  District courts do not have jurisdiction "over
8  challenges to state court decisions."  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S.
9  462, 486 (1983); see also 28 U.S.C. § 1257.
10       Because plaintiff's proposed amendment is futile, his motion for leave to amend his third
11 amended complaint shall be denied.
12       D.      Untimeliness and Undue Prejudice of Proposed Amendment
13       The Court also finds that amendment at this late stage would unduly delay this litigation
14 and unfairly prejudice defendants.  After having been reset multiple times (ECF Nos. 135, 153,
15 165, 177, 180, 196, 199), this case is now set for trial on July 17, 2017.  The deadlines established
16 for the parties to participate in discovery and file pretrial dispositive motions expired more than
17 five years ago.  See ECF Nos. 24, 29.  Moreover, if plaintiff files a fourth amended complaint, the
18 Court will be required to screen the amended complaint and proceed with service of process and
19 further discovery, which could take months or even years.
20       Based on the foregoing, the Court does not find good cause to grant plaintiff's motion for
21 leave to amend, and the motion shall be denied.
22 II.    Notice of Judicial Misconduct (ECF No. 205)
23       Plaintiff has also filed a Notice of Judicial Misconduct, which appears to supplement his
24 claims against the justices of the California Supreme Court and Court of Appeals set forth in his
25 motion to amend.  To the extent plaintiff intends this notice to be a supplemental motion to his
26 motion to amend the complaint, for the reasons stated *supra*, it is denied.
27       Accordingly, IT IS HEREBY ORDERED:
28       1. Plaintiff's motion to amend the complaint (ECF No. 201) is denied.

2. Plaintiff's Notice of Judicial Misconduct (ECF No. 205) is denied.

DATED: December 7, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE