UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS, | No. 2:09-cv-00292 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| J. NUEHRING, et al., | |
| Defendants. | |

Plaintiff James Evans is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  A settlement conference was held on March 24, 2017, before the Magistrate Judge Stanley A. Boone at California State Prison, Corcoran.  The case did not settle, and trial is set for July 17, 2017.  ECF No. 199.  This order addresses appointment of counsel for trial.

On April 12, 2012, the court found that appointment of counsel was warranted in this case and appointed Stephen M. Duvernay, Ashley H. Joyce, and Alex M. Medina to represent plaintiff. ECF No. 125.  The appointment was contingent on defendant executing an engagement letter and returning it to appointed counsel.  Id.  On April 20, 2012, counsel for plaintiff filed a motion for relief from the conditional appointment, citing plaintiff's failure to return the executed engagement letter and complications related to plaintiff's recent parole from prison.  ECF No. 127.  The court granted the motion on May 3, 2012.  ECF No. 130.

1

On May 8, 2012, the court appointed Aldon Bolanos as pro bono counsel for plaintiff. ECF No. 131.  During the course of the appointment, plaintiff was held in the Santa Clara County Jail to face new criminal charges.  ECF No. 152.  On November 5, 2012, appointed counsel Aldon Bolanos filed a motion to withdraw, explaining that he accepted appointment to the case with the understanding and anticipation that trial was scheduled for June 19, 2012, and the appointment would conclude once trial was completed.  ECF No. 155.  Due to plaintiff's criminal charges in Santa Clara County, it was uncertain when trial might commence.  Id.  The motion to withdraw was conditionally granted on December 3, 2012, and confirmed by the undersigned on March 28, 2013.  ECF Nos. 157, 161.

On June 26, 2013, the case was again set for trial to begin on March 24, 2014.  ECF No. 165.  Aldon Bolanos and Walter Dauterman agreed to be reappointed as pro bono counsel to represent plaintiff at trial.  Id.  The trial has since been reset several times and is currently set to begin on July 17, 2017.  ECF No. 199.

On November 2, 2015, counsel for plaintiff filed a notice of suspension from the practice of law, ECF No. 197, which the court construed as a motion to withdraw as counsel, ECF No. 199.  The court also became aware that co-counsel, Walter Dauterman, had passed away.

On February 3, 2016, plaintiff, in pro se, filed a motion for the appointment of new counsel.  ECF No. 198.  The court granted the motion on February 23, 2016.  ECF No. 199.

As reflected above, the court's Pro Bono Coordinator has on multiple occasions diligently sought, and obtained, voluntary counsel to represent plaintiff.  Throughout this process, plaintiff has failed to notify appointed counsel, and this court, of his current address.  In light of this history and present circumstances, the court finds that the interests of justice no longer warrant the continued appointment of any counsel.  Considering the nature and posture of the case, the interests of justice are adequately served by plaintiff proceeding in pro se.

Furthermore, exhaustive efforts by the Pro Bono Coordinator to locate yet another attorney willing to voluntarily represent plaintiff at trial have been unsuccessful.  As plaintiff is aware, district courts only "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  District courts do not have authority to require an attorney to

1  represent an indigent civil rights litigant.  See Mallard v. U.S. District Court, 490 U.S. 296, 298,
2  310 (1989) ("[Section] 1915(d) does not authorize the federal courts to make coercive
3  appointments of counsel").  Even if plaintiff met his burden of demonstrating exceptional
4  circumstances warranting the continued appointment of counsel, see also Palmer v. Valdez, 560
5  F.3d 965, 970 (9th Cir. 2009), such appointment cannot be made without the agreement of a
6  specific lawyer.  Although Aldon Bolanos's suspension from the practice of law has been lifted,
7  counsel does not wish to represent plaintiff at trial.  There are no alternative resources available to
8  this court.

9      For the foregoing reasons, IT IS HEREBY ORDERED that:

10      1.  The portion of the court's order filed February 23, 2016 (ECF No. 199) appointing new
11  counsel for trial is vacated.

12      2.  Plaintiff shall now represent himself pro se in this action.

13  DATED: April 6, 2017

14  
15  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE