UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS, | No. 2:09-cv-0292 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| J. NUEHRING, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 215.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

| | |
|---|---|
| 1 | establish exceptional circumstances that would warrant a request for voluntary assistance of |
| 2 | counsel. |
| 3 | The court does not find the required exceptional circumstances in the present case. In the |
| 4 | court's order filed April 6, 2017, the court found that the interests of justice no longer warranted |
| 5 | the continued appointment of any counsel, vacated the portion of an earlier order (ECF No. 199) |
| 6 | appointing new counsel for trial, and ordered that plaintiff shall represent himself pro se in this |
| 7 | action. ECF No. 214. In his present motion, plaintiff has not demonstrated any new exceptional |
| 8 | circumstances that now warrant appointment of counsel. Rather, the bulk of plaintiff's motion |
| 9 | appears to concern the merits of plaintiff's case against defendants. Plaintiff is reminded that he |
| 10 | will have an opportunity to prove his case at trial, which is set for July 17, 2017. At this time, the |
| 11 | court sees no reason to depart from the court's order filed April 6, 2017, and adopts the reasoning |
| 12 | set forth therein. Plaintiff's request for the appointment of counsel will therefore be denied. |
| 13 | Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of |
| 14 | counsel (ECF No. 215) is denied. |
| 15 | DATED: April 24, 2017 |

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE