IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JAMES EVANS, JR., | No. 2:09-cv-00292-TLN-AC |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL** |
| v. | |
| J. NUEHRING, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff James Evans, Jr.'s ("Evans") Motion to Continue the Trial date currently set for July 30, 2018, Notice of New Claim, Motion for Appointed Counsel, and Trial Exhibits. (ECF No 257.)

Evans moves to continue the trial date in this matter, stating his legal documents are still missing. (ECF No. 257 at 1.) The previous trial date of June 4, 2018, was continued on the day of trial when Evans informed the Court that his box of legal materials had not followed him from Salinas Valley State Prison to the local jail when he was brought to Sacramento for the trial. (ECF No. 255.)

Evans indicated to the Court on June 4 that his legal materials consisted mostly of his own notes. Evans has had nearly two months since the trial was last continued to recreate his notes. Defendants, however, informed the Court that although Evans had not timely requested discovery, they voluntarily sent him some requested material. Defendants may choose to provide Evans additional copies of that material. Defendants indicated to the Court on that aborted trial date that they provided their exhibits to Evans by the deadline in the Final Pretrial Order. The Court DENIES Evan's motion to continue.

1

| | |
|---|---|
| 1 | Evans also labels this document, "Notice of Plaintiff Pre-Trial Detainee Claim from 10-03-2007 |
| 2 | – 11-17-2008." (ECF No. 257 at 1.) This portion of the motion is not clear. The Court construes the |
| 3 | "Notice" as a request to add a claim for unlawful detention during the dates specified because Evans's |
| 4 | sentence had been vacated. The instant suit relates to the conditions of Evans's confinement, not the |
| 5 | lawfulness of his transfer to High Dessert State Prison or lawfulness of confinement during the period |
| 6 | Evan's specifies. (ECF No. 57 at 2, granting Defendants' motion to dismiss Evans's claim his |
| 7 | constitutional rights were violated by his transfer to High Dessert and ordering Defendants to answer the |
| 8 | remaining claims). The Court DENIES Evan's Request to Add a Claim. |
| 9 | Evans moves for appointed counsel, (ECF No 257 at 3). The Court has ruled on the same |
| 10 | request in the past, (ECF Nos. 215, 226 & 236), and finds no new information or grounds in this motion |
| 11 | to warrant appointing counsel. Accordingly, the Court DENIES this request for the same reasons |
| 12 | discussed in the Court's prior ruling, (ECF No. 238 at 7). |
| 13 | Evans attaches several "Exhibits" to his motion and "respectfully requests" that the Court |
| 14 | "authenticate these documents as admissible for trial." (ECF No. 257 at 1.) Evans attaches documents |
| 15 | to his motion that he labels Plaintiff's Exhibits 1–6, (ECF No. 257 at 4–37), and which he states are |
| 16 | duplicates of original documents that are still missing, (ECF No. 238 at 1). On page 38 of his motion, |
| 17 | Evans appends a note stating he is advising the Court he is still waiting for additional exhibits, his |
| 18 | medical exhibits which had previously been lost, and trial exhibits from CDCR-Custody Staff, all of |
| 19 | which he states are material to his case. (ECF No 238 at 38.) |
| 20 | While it is not clear what Evans means when asking the Court to "authenticate these |
| 21 | documents as admissible for trial," the Court construes this as a request to extend the deadline for the |
| 22 | parties to exchange exhibits in the Court's Final Pretrial Order, so Evans may use the attachments as |
| 23 | exhibits at trial. In the Court's Final Pretrial Order, the Court set a deadline for the parties to exchange |
| 24 | exhibits of 10 days from the date of that order and 10 days after that to object to the other party's |
| 25 | exhibits. (ECF No. 238 at 4.) The Final Pretrial Order was dated May 2, 2018, making the exchange |
| 26 | due by mid-May and objections due before the end of May. Evans filed this motion at the beginning of |
| 27 | July, weeks after the deadlines. |
| 28 | /// |

1       In the Final Pretrial Order, the Court specified reasons it may allow exhibits at trial that were not provided by the deadline. (ECF No. 238 at 4.) Evans has not explained that any of those exceptions apply. Accordingly, the Court DENIES Evans's motion.

IT IS SO ORDERED.

Dated: July 12, 2018

_____
Troy L. Nunley
United States District Judge