IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS, JR.,<br><br>                Plaintiff,<br><br>    v.<br><br>J. NUEHRING, et al.,<br><br>                Defendants. | No. 2:09-cv-00292-TLN-AC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE TRIAL AND DENYING PLAINTIFF'S MOTION TO EXCLUDE THE ATTORNEY GENERAL'S OFFICE FROM REPRESENTING THE DEFENDANTS** |

       This matter is before the Court on Plaintiff James Evans, Jr.'s ("Evans") Motion to Continue the Trial date currently set for July 30, 2018, (ECF No. 262), and Plaintiff's Motion to Exclude the Attorney General's Office from Representing the Defendants, and Trial Exhibits, (ECF No. 261).

       Evans moves to continue the trial date in this matter. He states he is still waiting for copies of original medical documents that were lost when his box of legal materials was lost when he was transferred to the local jail for the original trial date in May 2018. (ECF No. 262 at 1.)

       Evans has had nearly two months since the trial was last continued to recreate his notes and materials. Further, Evans states he "seeks to present as evidence" this medical document. However, in the Court's Final Pretrial Order, the Court set a deadline for the parties to exchange exhibits of 10 days from the date of that order and 10 days after that to object to the other party's exhibits. (ECF No. 238 at 4.) The Final Pretrial Order was dated May 2, 2018, making the exchange due by mid-May and objections due before the end of May. Evans did not submit an exhibit list by that deadline. Evans has not explained that any exception applies. The Court DENIES Evans's motion to continue.

1

1    Evans also moves to exclude the California Attorney General's Office from representing the
2    defendants in this matter due to a conflict of interest.  Evans argues he was injured while in prison and
3    being transferred to another facility, however, he says that at the time of the incident he should not have
4    been in prison or been transferred to another facility because his sentence in his criminal case had been
5    vacated.  (ECF No. 261 at 1–2.)  Evans argues the Attorney General's Office advised the prison that
6    Evans should remain in prison pending re-sentencing and so the defendants "were acting on the orders
7    from the CA Attorney General's Office."  (ECF No. 261 at 2.)
8         The instant suit relates to the conditions of Evans's confinement, not the lawfulness of his
9    transfer to High Dessert State Prison or lawfulness of confinement during the period Evans's sentence
10   had been vacated.  (ECF No. 57 at 2, granting Defendants' motion to dismiss Evans's claim his
11   constitutional rights were violated by his transfer to High Dessert and ordering Defendants to answer the
12   remaining claims).  The Court DENIES Evans's motion to exclude the California Attorney General's
13   Office from representing the defendants.
14        Accordingly, the Court hereby DENIES Evans's Motion for Continuance, (ECF No. 262), and
15   DENIES Evan's Motion to Exclude the Attorney General's Office from Representing the Defendants,
16   (ECF No. 261).
17        IT IS SO ORDERED.
18   Dated: July 20, 2018

Troy L. Nunley
United States District Judge