UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVANS, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRAZAS; et al.,<br><br>    Defendants. | No. 2:09-cv-00292-TLN-AC<br><br>**ORDER VACATING TRIAL DATE AND DISMISSING CASE** |

This matter is a claim for damages brought pursuant to 42 U.S.C. § 1983 by Plaintiff James Evans, Jr. ("Plaintiff") against Defendants Sergeant R. Terrazas and Captain J. Nuehring ("Defendants"). (*See generally* ECF No. 242.) The matter is set for trial beginning on August 26, 2019. (ECF No. 275.) For the reasons set forth below, the trial date is vacated and the case is dismissed without prejudice.

///
///
///
///
///
///
///
///

1

# I. Factual and Procedural Background

Plaintiff filed his Complaint in February 2009. (ECF No. 1.) Trial was set to commence on April 8, 2019. (ECF No. 272.) In February 2019, the Court issued a minute order resetting the trial date for August 26, 2019. (ECF No. 275.) The Clerk of the Court attempted to serve this minute order on Plaintiff, but it was returned as undeliverable on March 13, 2019, because Plaintiff was no longer in custody at Salinas Valley State Prison. (ECF No. 276.)

As a result, on July 8, 2019, the Court gave Plaintiff until August 2 to file (i) an updated address with the Court, and (ii) a status update regarding Plaintiff's readiness to proceed to trial. (ECF No. 276.) This minute order also warned Plaintiff that failure to respond would subject his case to dismissal for failure to prosecute. (ECF No. 276.) This July 8 minute order was also returned as undeliverable.

# II. Standard of Law

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961)); *see also* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Pursuant to the Local Rules of the United States District Court for the Eastern District of California, if mail directed to a plaintiff proceeding *in propria persona* is returned and said plaintiff fails to notify the Court of his or her new address within sixty-three days thereafter, "the Court may dismiss the action without prejudice for failure to prosecute." L.R. 183(b).

"Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) [hereinafter *In re PPA*] (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

///

### III. ANALYSIS

#### A. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *Id.* at 1227. A district court's judgment about when delay becomes unreasonable is entitled to deference "because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id.* (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994)).

This case has been pending for more than a decade and must come to a conclusion — one way or another — soon. (*See* ECF No. 1.) Furthermore, the United States District Court for the Eastern District of California maintains one of the heaviest civil caseloads in the entire country. *See Cent. Valley Med. Grp., Inc. v. Indep. Physician Assocs. Med. Grp., Inc.*, No. 1:19-cv-00404-LJO-SKO, 2019 WL 3337891, at *5 (E.D. Cal. July 25, 2019) (characterizing the Eastern District of California as "overburdened"). This means that allowing a case like this to linger inactive on the docket — particularly just as it was set to proceed to trial — runs the risk of prejudicing other civil litigants that are also entitled to the Court's attention and resources.

Accordingly, the Court finds that the public's interest in expeditious resolution of civil litigation weighs in favor of dismissal here.

#### B. Court's Need to Manage Its Docket

For the same reasons set forth above, the Court finds that its need to manage its docket weighs in favor of dismissal. *See Thompson*, 782 F.2d at 831. The Court simply has too many other cases and controversies before it to wait passively for Plaintiff to resume litigating his case.

#### C. Risk of Prejudice to Defendants

There is a clear risk of prejudice to Defendants if any further delay occurs in this matter. This is because the law "presumes prejudice from unreasonable delay." *In re PPA*, 460 F.3d at 1227. While this presumption may be rebutted, *id.*, Plaintiff makes no effort to do so here because he has effectively disappeared (*see* ECF No. 276), and because he has not filed anything

3

on the docket for over a year (*see* ECF No. 264 (containing Plaintiff's last filing on the docket, entered on July 25, 2018)).

Accordingly, the Court finds that the risk of prejudice to Defendants from further delay weighs in favor of dismissal here.

### D. Public Policy Favoring Dismissal on the Merits

The public policy favoring dismissal of cases on the merits weighs against dismissal here, as it would in almost any case in which a court considers whether to dismiss an action for failure to prosecute. At the same time, the rule in the Ninth Circuit is clear that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. For this reason, the Ninth Circuit acknowledges that the policy favoring dismissal on the merits "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *Allen v. Exxon Corp. (In re the EXXON VALDEZ)*, 102 F.3d 429, 433 (9th Cir. 1996)).

This is just such a case envisioned by the Ninth Circuit's rule; the public policy favoring adjudication on the merits weighs only nominally against dismissal here because it is Plaintiff's own conduct — his failure to prosecute — that is impeding progress toward trial. (*See* ECF No. 264 (containing Plaintiff's last filing on the docket, entered on July 25, 2018).)

### E. Availability of Less Drastic Sanctions

Before dismissing a case, a district court must consider alternatives to dismissal and the adequacy of less drastic sanctions. *In re PPA*, 460 F.3d at 1228–29. Examples of less drastic sanctions to be considered include a warning, a formal reprimand, putting the case at the bottom of the calendar, imposing costs or attorney fees, or precluding claims or defenses. *Id.* at 1228 n.5.

The Court has considered the viability of these alternatives and finds that none of them are feasible in this case. For one thing, the Court has already attempted to warn Plaintiff that this case will be dismissed if he continues to neglect it. (ECF No. 276.) For another thing, it is unlikely that a formal reprimand, moving the case to the bottom of the calendar, or any other sanction will do anything other than further delay conclusion of the matter, because none of these

alternatives are likely to change the fact that Plaintiff has been entirely disengaged from this litigation for more than a year. (*See* ECF No. 264 (containing Plaintiff's last filing on the docket, entered on July 25, 2018).)

Accordingly, the Court finds that the availability of less drastic sanctions does not weigh heavily against dismissing this case.

### IV.  CONCLUSION

After considering the factors that bear on whether this matter should be dismissed, the Court finds that the weight of the equities is in favor of dismissal without prejudice for failure to prosecute. Furthermore, far more than sixty-three days have passed since mail directed to Plaintiff was returned as undeliverable, and Plaintiff has yet to notify the Court of his new address. *See* L.R. 183(b).

Accordingly, for the reasons set forth above, the trial date is hereby VACATED and the case is DISMISSED without prejudice. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 9, 2019

_____
Troy L. Nunley
United States District Judge